
FILED
NOV 0 2 2017
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| LIONEL SCOTT ELLISON,<br><br>Petitioner,<br><br>vs.<br><br>MICHAEL FLETCHER,<br><br>Respondent. | Cause No. CV 17-102-H-DLC<br><br>ORDER |

On July 28, 2017, Petitioner Lionel Scott Ellison filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Ellison is a state prisoner proceeding pro se and challenges a judgment entered against him in December of 2015 in Montana's Thirteenth Judicial District, Yellowstone County.

Ellison has applied to proceed in forma pauperis. (Doc. 3.) Because there is no reason to delay this action, Ellison's motion will be granted.

Although Ellison challenges a conviction out of Yellowstone County, because of perceived conflicts of interest, he has filed his petition in the Helena Division, rather than the Billings Division. (Doc. 1 at 2.) Again, because there is

---

[1] The Court did not actually receive Ellison's petition and associated documents until October 30, 2017. But, because Ellison apparently provided the documents to prison authorities on July 28, 2017, the Court will acknowledge the earlier date as Ellison's filing date. See, *Houston v. Lack*, 487 U.S. 266, 276 (1988)(pro se prisoner's petition is deemed filed on date prisoner delivers it to prison authorities for mailing to clerk of court).

1

no reason to delay the resolution of this matter, the Court will not transfer the case out of the Helena Division. But Ellison is advised if he wishes to file a subsequent petition in the future, he must file in the Billings Division.[2]

Ellison previously sought habeas relief from this Court. Ellison was advised that he must first exhaust all of his claims in the Montana state courts. The Court noted that Ellison had a direct appeal pending; because Ellison still had state remedies available to him this Court was precluded from hearing his claims. *Ellison v. Kirkegard*, No. CV-16-123-DLC, Find. & Rec. at 2-3 (Aug. 23, 2016). Ellison attempted to argue that he deserved different treatment, and should be relieved of the exhaustion requirement, because he was innocent of the crimes for which he was convicted. Ellison was advised that it is not the role of the Federal Courts to adjudicate his guilt or innocence, but rather, the role is only to determine whether or not his guilt was established by constitutional means. *Id.* at 3. Ellison was informed he may file a new federal petition after he has exhausted his available state remedies. *Id.*, citing *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000); see also *Ellison v. Kirkegard*, No. CV-16-123-DLC, Or. (D. Mont. Oct. 31, 2016)(adopting Findings and Recommendations in full).

---

[2] The Court recognizes that in Ellison's prior habeas matter, although Judge Watters was initially assigned to the case, it was ultimately reassigned. See, *Ellison v. Kirkegard*, No. CV-16-123-DLC, Or. Reassigning Case (D. Mont. Aug. 31, 2016). The decision of whether a particular judge should be assigned to a case has nothing to do with the proper venue and/or the division in which a case should be filed.

2

The procedural posture of Ellison's state court appeal has not changed. In fact, the filing deadline for Ellison's opening brief on direct appeal is December 26, 2017. See, *State v. Ellison*, DA 16-0105, Or. (Mont. Oct. 20, 2017)(granting Appellant's request for extension of time).[3] Ellison believes this long delay has made the state appellate process ineffective and that this Court should decide the merits of his habeas petition even though the state proceedings are ongoing.

Federal courts generally do not intervene in ongoing state proceedings absent extraordinary circumstances where the risk of irreparable harm is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 45-46 (1971); see also *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)(federal courts abstain when state proceeding 1) is currently pending, 2) involves an important state interest, and 3) affords an adequate opportunity to raise any constitutional claims).

It is possible for a federal court to overcome *Younger* abstention if the proceedings have taken too long:

> [U]nusual delay in the state courts may justify a decision to protect a prisoner's right to a fair and prompt resolution of his constitutional claims despite the jurisprudential concerns that have led us to decline to review a claim or to require full exhaustion in other cases in which a proceeding related to the federal petition is pending in state court.

---

[3] All state court briefing, orders, and opinions available at: https://supremecourtdocket.mt.gov/search (accessed October 31, 2017).

3

*Phillips v. Vasquez*, 56 F. 3d 1030, 1035 (9th Cir. 1995). But such cases are extraordinarily rare.

In *Phillips*, a capital case, the prisoner sought a federal challenge to the constitutionality of his state conviction while his sentence was still being appealed in the state courts fifteen years after his conviction. The Court determined that given the "extraordinary delay," the petitioner could "bring his habeas petition regarding the constitutionality of his conviction despite the fact that the state ha[d] not yet made a final ruling on his sentence." *Id.* at 1032-33. The Court noted that "[t]he state has already adjudicated [petitioner's] guilt, its decision in that regard is final, and [petitioner] seeks nothing more than federal review of that decision. The ongoing state proceeding involves sentencing only, and the state is free to continue with its sentencing determination." *Id.* at 1033.

In a subsequent decision, the Ninth Circuit affirmed a district court's abstention in a case factually similar to *Phillips*, and characterized *Phillips* as a narrow holding that was decided based upon the "unreasonably long delay" involved in the capital appeal:

> The narrow holding in *Phillips* does not control this case. When there is a pending state penalty retrial and no unusual circumstances, we decline to depart from the general rule that a petitioner must await the outcome of the state proceedings before commencing his federal habeas corpus action... The delay in this case was not extreme, unusual or attributable to the ineffectiveness of the state courts. It differs from that in *Philips* and is insufficient to constitute grounds for immediate federal review, particularly

4

in light of the longstanding principles underlying the Supreme Court decision in [*Younger*]. As *Younger* makes clear, our federal judiciary, "anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States."… Under these circumstances, the principles of comity strongly suggest that the courts of California be given the opportunity to determine the proper sentence to be imposed upon the petitioner.

*Edelbacher v. Calderon*, 160 F. 3d 582, 585-87 (9th Cir. 1998)(citations omitted).

In Ellison's case the Notice of Appeal was filed in February of 2016.[4] Ellison's request for the appointment of counsel was granted and Chad Wright filed a Notice of Appearance on Ellison's behalf on March 28, 2016.[5] The complete state court appellate record was received and filed with the Montana Supreme Court on August 18, 2016.[6] Thus, Ellison's opening brief was originally scheduled to be filed Monday, September 19, 2016.[7] On December 19, 2016, Attorney Danny Tenenbaum filed his Notice of Appearance, replacing Chad Wright.[8] Attorney Tenenbaum has filed six requests for extensions of time. As set forth above, Ellison's opening brief is now due on or before December 26, 2017.

While the Court understands Ellison may be frustrated with the delay that

---

[4] *See State v. Ellison*, DA 16-0105, Not. of App. (filed Feb. 12, 2016).

[5] *State v. Ellison*, Not. (filed March 28, 2016).

[6] *State v. Ellison*, Not. of Filing (filed Aug. 18, 2016).

[7] See, *State v. Ellison*, August 18, 2016, Notice, setting Appellant's opening brief deadline thirty days from the filing of transcript/complete record.

[8] *State v. Ellison*, Not. (filed Dec. 19, 2016).

5

has occurred during his appeal, the delay he has experienced is not comparable to the extraordinary fifteen-year delay that was present in *Phillips*. Moreover, "there are no 'unusual circumstances' which might suggest that 'no end is in sight' to the state court proceedings." *Edelbacher*, 160 F. 3d at 584. The Montana Supreme Court has set a filing date in December. While the delay Ellison has experienced may be undesirable it has not been extreme or particularly unusual. Thus, the Court will not depart from the general rule that a petitioner must await the outcome of the state proceedings before filing a federal habeas action. *Id.* at 582-83.

Ellison's direct appeal is pending. Unlike *Phillips* or *Edelbacher*, Ellison does not just challenge his sentence, but rather the constitutionality of his conviction. If any violations of Ellison's constitutional rights occurred, the State of Montana has an important interest in addressing and correcting them. The pending appeal and any subsequent collateral review provides an adequate forum for Ellison to raise his constitutional claims. Additionally, the risk of piecemeal litigation and the principle of comity requires dismissal of this action without prejudice pursuant to the *Younger* doctrine. See *Beltran v. California*, 871 F. 2d 777, 782 (9th Cir. 1988) ("Where *Younger* abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, *Younger* requires **dismissal** of the federal action.")(emphasis in original).

Ellison has not made a substantial showing that he was deprived of a constitutional right. 28 U.S.C. § 2253(c)(2). Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). There are no close questions and there is no reason to encourage further proceedings at this time. A certificate of appealability is denied.

Accordingly, IT IS ORDERED that:

1. Mr. Ellison's Motion for Leave to Proceed in Forma Pauperis (Doc. 3) is GRANTED.

2. The Petition (Doc. 1) is DISMISSED without prejudice for failure to exhaust state remedies.

3. The Clerk of Court is directed to enter by separate document a judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 2nd day of November, 2017.

Dana L. Christensen, Chief Judge
United States District Court